## CIRCUIT COURT OF HENRICO COUNTY

Alan Chesley Johnston

v.

Cynthia Denise Clark

June 12, 1985

Case No. 2033

By JUDGE JOSEPH F. SPINELLA

The facts in this case are not in dispute. A divorce was obtained in Bertie County, North Carolina, on October 26, 1971, and the respondent (mother) had custody of Amanda, the infant child of the parties until November 20, 1980, at which time the custody was awarded to the petitioner (father) by the same North Carolina Court which granted the divorce. Nothing further has taken place in the North Carolina Court since November 20, 1980.

The petitioner (father) and the child are now residents of the State of Arkansas and the respondent (mother) is a resident of Virginia.

In June of 1984 the respondent (mother) filed a complaint in Pulaski County, Arkansas, Court requesting the Court to alter the visitation rights which were set out in the November 20, 1980, North Carolina Order. The petitioner (father) filed an answer to the complaint and also filed a motion to stay the proceedings and requested the Arkansas Court not to assume jurisdiction *until the proper forum was decided*, and to transfer the case to North Carolina if that were the proper forum.

On August 7, 1984, the complaint filed by the respondent (mother) in Arkansas was, at her request,

dismissed without prejudice; no hearing took place and no evidence of any kind was taken or submitted to the Court in deposition form or otherwise.

Other evidence heard by the Court would indicate that in June of 1984, prior to the filing of the complaint in Arkansas, an incident took place which indicated that Amanda, 15 years old, had gone out with a boy friend following a baby sitting job and when the father found out, he punished her by beating her with a belt, on the first occasion about 30 times and after having a drink, he hit her approximately 20 times more resulting in numerous bruises on Amanda. In addition, the petitioner (father) denied Amanda the right to visit her mother in Virginia for a three week period during the summer. Amanda complained to the mother and proceedings through the Arkansas Department of Human Services were started charging the petitioner (father) with child abuse. This charge was first substantiated and later expunged as being unsubstantiated by the Department of Human Services.

Amanda also testified that in January, 1985, she drove the car without her father's permission, with only a learner's permit and with no adult in the car. Her father pulled up behind her when she returned and she became afraid because he had previously warned her that the same punishment would be administered if she were to misbehave again. She later called her mother and requested that she send her a plane ticket to get to Virginia. The mother complied with the request and Amanda came to Henrico County on January 15, 1985. Amanda also testified that she drank whiskey on occasions, had disagreements with her father about her dates, babysat for two minor children of the father's second marriage and that the father knew that she drove the car on occasions with a learner's permit and no adult in the car.

Respondent (mother) filed a petition in Juvenile and Domestic Relations District Court on January 16, 1985, for a preliminary Protective Order. Pursuant to Section 16.1-253(B) and § 16.1-252, the Court heard evidence on January 16 and entered a preliminary Protective Order and a hearing was held on January 18 with petitioner and respondent present, and the Court was asked to dismiss the Order because the Court had no jurisdiction in the matter and this motion was

overruled thereby leaving the temporary ⊦.
Order in effect. The temporary Protective Order
entered under § 16.1-253(b) of the Code of Virg⌐
and did not, in effect, change custody.

On January 18, 1985, a petition was filed in t⌐
Juvenile and Domestic Relations District Court for ⌐
change of custody based on a change of circumstances
and requesting a change of custody. Hearing was held
on April 12, 1985, and the Juvenile and Domestic
Relations District Court awarded temporary custody to
the mother, after previously overruling objections to
the jurisdiction and set the case for trial as to
permanent custody on May 14, 1985, at 2:30 p.m. The
Writ of Prohibition was filed as to this Order and to
prevent the Juvenile and Domestic Relations District
Court from proceeding further and awarding permanent
custody. That hearing was cancelled to await the
outcome of this case.

The petitioner (father) seeks to bar the Juvenile
and Domestic Relations District Court or any Virginia
Court from considering any questions concerning custo-
dy, visitation or support on the grounds that this
State does not have jurisdiction by virtue of the
provisions of 28 USC § 1738A.

Under that Code Section the home state is clearly
the state in which the child lives with a parent for
at least six months prior to suit. The Court finds
that state to be Arkansas. The definition given "Modi-
fication" of the custody order in that code section is
". . . a custody determination which modifies, re-
places, supercedes, or otherwise is made subsequent to
a prior custody determination concerning the same
child, whether made by the same court or not."

The Court finds that the custody Order of the
North Carolina Court was the last existing Order
concerning custody of the child and further that the
proceeding filed in Arkansas by the respondent (mother)
did not modify, replace or supercede the North Carolina
custody Order, and therefore did not exercise jurisdic-
tion over the child.

The Court further finds that North Carolina had
proper jurisdiction over the custody of the child at
the time of entry of the custody Order and that when
the petition was obtained in Virginia, none of the
parties nor the child were residents of North Carolina.

Therefore, North Carolina no longer has jurisdiction since it no longer meets the tests of Subsection (D) 28 USC § 1738A.

The Court further finds that only two other states have possible jurisdiction over the custody of the child and those states are Arkansas and Virginia.

Under the provisions of 28 USC § 1738A, Arkansas qualifies on the basis that it is the home state of the child and that the laws of Arkansas confer jurisdiction of custody matters upon the appropriate courts of that state.

Virginia qualifies in this case because the laws of this state confer jurisdiction over custody matters upon the appropriate courts of this state and under subsection (C)(2)(C), the child was physically present in this state and the child had been abused and/or threatened with mistreatment or abuse, or under Subsection (F) which states:

> A court of a State may modify a determination of the custody of the same child made by a court of another state, if:
> (1) it has jurisdiction to make such a child custody determination; and
> (2) the Court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

The Juvenile and Domestic Relations District Court of Henrico County had every right to take jurisdiction of the child under the laws of this state specifically Sections 16.1-252 and 16.1-253, of the Code of Virginia, and that jurisdiction was sufficient for the Court to consider the entire questions of custody, visitation and support under any of the other appropriate sections of the Code conferring jurisdiction on that Court in such matters.

The Court therefore rules that the Petition for Writ of Prohibition will be denied and the Writ of Prohibition will not issue and the Stay of Proceedings in the Juvenile and Domestic Relations District Court is dissolved.